IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

RUFFIN BUILDING SYSTEMS                                            PLAINTIFF

v.                                            No. 2:08cv146-KS-MTP

CAROTEX CONSTRUCTION, INC., et al.                              DEFENDANTS

## ORDER COMPELLING DISCOVERY

THIS MATTER is before the court on the motion [19] and amended motion [20] of plaintiff Ruffin Building Systems (hereafter "Ruffin") to compel discovery from defendant Laurel SSA, LLC (hereafter "Laurel").[1] Laurel has not responded to either motion.[2] The court having considered the motions, finds that they should be GRANTED.

The motions establish that Ruffin served Laurel with a set of interrogatories and a set of requests for production of documents and things on or about February 4, 2009. Laurel has not responded to the interrogatories and has not produced the requested records even though the time for doing so has long since expired. The motions further demonstrate that Ruffin made a good faith effort to obtain the responses from Laurel before filing the motions to compel.

As Laurel has not responded in any way to the pending discovery requests and has offered no explanation for its failure to do so over the past three months, the motions shall be granted.

---

[1] On December 3, 2008, Laurel was granted leave to intervene as a defendant. Lauren also filed an Intervenor Complaint [7] against Ruffin on December 4, 2008. Laurel is referred to in various capacities throughout the pleadings and in the case caption. However, it appears that the appropriate designation of Laurel is that of intervening defendant/counterclaimant.

[2] While the motion and amended motion each make reference to defendant Carotex Construction, Inc. ("Carotex"), the interrogatories and requests for production at issue appear to have been propounded only to Laurel and not to Carotex. *See* attachments to Motion [19].

Additionally, pursuant to Rule 37(a)(5) of the Federal Rules of Civil Procedure, the court grants Ruffin's request that Laurel be ordered to pay its reasonable attorney's fees and expenses incurred in pursuit of the motion to compel as Laurel's failure to respond to the discovery requests was not substantially justified.[3]

IS, THEREFORE, ORDERED as follows:

1. On or before June 5, 2009, Laurel shall respond, without objection, to the interrogatories propounded to it by Ruffin;

2. On or before June 5, 2009, Laurel shall respond, without objection, to the requests for production of documents and things propounded to it by Ruffin. On or before June 5, 2009, Laurel shall also produce to Ruffin all documents and things which are responsive to the requests for production of documents;

3. Laurel is reminded that failure to comply with this order or to otherwise participate in good faith in the discovery process could result in the imposition of additional sanctions. Under Rule 37 of the Federal Rules of Civil Procedure, the sanctions could include, among other things, the entry of a default judgment against it on some or all issues in this matter, limiting the proof or evidence that it may offer at trial or otherwise use in its defense or in support of its claims, entry of an order striking certain claims of defenses which it has or may have, entry of an order holding it in contempt of court, and an assessment of attorneys fees and costs; and

4. On or before June 5, 2009, Ruffin shall submit an affidavit and any other materials

---

[3] Laurel's counsel was granted leave to withdraw on April 16, 2009. However, Laurel's responses to the discovery requests at issue were due long before the withdrawal. Additionally, Laurel was warned in the withdrawal order [17] that its failure to represent or defend itself could result in serious legal consequences. Laurel was further urged to seek replacement counsel. Despite the warnings, Laurel has taken no steps to defend itself or to pursue its claims, has not responded to the motions to compel, and has not obtained new counsel.

or records supporting its demand for attorneys fees and costs incurred in connection with this motion. Laurel shall file any responses or objections to same, if any, by June 12, 2009.

SO ORDERED on this the 26th day of May, 2009.

s/ Michael T. Parker  
United States Magistrate Judge