IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

| | |
|---|---|
| RUFFIN BUILDING SYSTEMS | PLAINTIFF |
| VERSUS | CIVIL ACTION NO. 2:08cv146KS-MTP |
| CAROTEX CONSTRUCTION, INC. | DEFENDANTS |
| AND | |
| LAUREL SSA, LLC | INTERVENOR/THIRD PARTY PLAINTIFF |
| VERSUS | |
| RUFFIN BUILDING SYSTEMS | THIRD PARTY DEFENDANT |

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on the motion for summary judgment and motion for judgment on the counterclaim pleadings filed on behalf of the Plaintiff. [Doc. #21] (May 6, 2009); [Doc. #23] (May 8, 2009). The Court, having reviewed the motions, the pleadings and exhibits on file, the briefs of counsel, the authorities cited and being otherwise fully advised in the premises finds that the motions are well taken and should be **granted**. The Court specifically finds as follows:

**FACTUAL BACKGROUND**

1

This case arises from the sale and construction of a metal building by the Plaintiff, Ruffin Building Systems, for the Defendant, Carotex Construction, Inc. *See* Pl.'s Mot. ¶ 4 [Doc. #21]. Defendant Carotex Construction refused to pay the agreed contract price for the materials and services rendered. *See* Pl.'s Mot. ¶ 2 [Doc. #8]. The price of goods and services provided by Plaintiff Ruffin Building Systems has been established at $68,629.51. *See* Pl.'s Exs. [Doc. #21-1, 21-2]. The Plaintiff filed a materialman's lien against the property on which the metal building in question was raised. The Intervenor, Laurel SSA, LLC filed an Intervenor's Complaint on December 4, 2008 seeking to expunge the lien, claiming that the land upon which the metal structure at issue was built belongs to the Intervenor, rather than the Defendant. *See* Int.'s Compl. at 2-3 [Doc. #7].

The Plaintiff responded to the Intervenor's complaint with a counterclaim, alleging fraud and collusion between the Defendant and Intervenor and asserting a retained ownership and security interest in the materials provided for the Defendant. Pl.'s Mot. ¶ 4 [Doc. #8]. The Plaintiff, in the course of its counterclaim asserted that the Defendant and Intervenor are constructively one and the same. The Plaintiff demonstrated that Vic Blackmon is listed as the owner of Intervenor Laurel SSA in that company's filings with the Mississippi Secretary of State, and signed the credit application for Defendant Carotex Construction in that company's dealings with the Plaintiff. *See* Pl.'s Exs. A-C [Doc. #8-2, 8-3, 8-4]. These allegations have gone unanswered by the Defendant and Intervenor.

The Plaintiff filed a motion for summary judgment on May 6, 2009. *See* Pl.'s Mot. [Doc. #21]. The Plaintiff filed a motion for judgment on the counterclaim pleadings on May 8, 2009. *See* Pl.'s Mot. [Doc. #23].

No response has been proffered by Defendant Carotex Construction as to either of the two dispositive motions made by the Plaintiff.[1]

**STANDARD OF REVIEW**

Summary judgment is appropriate when the evidence before the Court shows "that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED R. CIV. P. 56(b). A fact is "material" if proof of its existence or nonexistence would affect the outcome of the lawsuit. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute about a material fact is "genuine" if the evidence is such that a reasonable fact finder could render a verdict for the nonmoving party. *Id.*

"[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (quoting *Anderson*, 477 U.S. at 247). "[I]f the movant bears the burden of proof on an issue, either because he is the plaintiff or as a defendant he is asserting an affirmative defense, he must establish beyond peradventure *all* of the essential

---
[1] Counsel for both Carotex Construction and Laurel SSA, LLC received no payment for his services, and filed a motion to withdraw on March 9, 2009. [Doc. #12]. The Court granted this motion on April 16, 2009. [Doc. #17].

elements of the claim or defense to warrant judgment in his favor." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986).

If the moving party fails to meet its "initial burden, the motion must be denied, regardless of the nonmovant's response." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). If the moving party can meet the initial burden, the burden then shifts to the nonmoving party to establish the existence of a genuine issue of material fact for trial. The nonmoving party must show more than "some metaphysical doubt as to the material facts," *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 586 (1986), and cannot satisfy its burden with "conclusory allegations [or] unsubstantiated assertions." *Little*, 37 F.3d at 1075. "[T]he nonmovant must go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial." *Id.*

In evaluating the evidence tendered by the parties, the court must accept the evidence of the nonmovant as credible and draw all justifiable inferences in its favor. *Anderson,* 477 U.S. at 255. While courts will "resolve factual controversies in favor of the nonmoving party," an actual controversy exists only "when both parties have submitted evidence of contradictory facts." *Little*, 37 F.3d at 1075.

## ANALYSIS

In its argument for summary judgment in the instant case, the Plaintiff asserts that there is no present issue of material fact, and seeks attorney's fees in the amount of one third of the judgment. *See* Pl.'s Mot. [Doc. #21]. In its counterclaim arguments, the Plaintiff maintains an

4

interest in the material provided to Defendant Carotex Construction until it receives payment in full. *See* Pl.'s Mot. [Doc. #23]. The Plaintiff also argues that Defendant Carotex Construction and Intervenor Laurel SSA are attempting to perpetuate a fraud, justifying a claim for punitive damages. It additionally argues a claim for relief under the doctrine of equitable estoppel and contends that the court should hold Defendant and Intervenor jointly and severally liable for all damages incurred by the Plaintiff. *Id.*

**1.) SUMMARY JUDGMENT**

Due in large part to the lack of response from the Defendant, the Plaintiff's contention that there is no genuine issue of material fact is well taken. Pl.'s Mot. [Doc. #21].

The Plaintiff avers that, "When a motion for summary judgment is made and supported as provided in MISS. R. CIV. P. 56, an adverse party may not rest upon the mere allegations or denials of the pleadings, but instead the response must set forth specific facts showing that there is a genuine issue for trial." *Harrison v. Chandler-Sampson Ins., Inc.*, 891 So.2d 224, 228 (Miss. 2005) (citing *Miller v. Meeks*, 762 So.2d 302, 304 (Miss. 2000)). Far from demonstrating specific facts showing issues for trial, Defendant Carotex Construction and Intervenor Laurel SSA have been totally non-responsive as of July 21, 2009.[2] Arguments offered by the Intervenor before that date constituted little more than unsubstantiated denials of claims by the Plaintiff. Int.'s Ans. at 5 [Doc. #9].

---

2 No fewer than four attempts were made by the Court to mail orders – including an order granting the plaintiff's Motion to Compel – to the previously provided mailing address of both the Defendant and Intervenor. In each case the orders were returned as 'undeliverable'. *See* [Doc. # 14, 18, 25, 27].

5

In support of the claim that they provided goods and services to the Defendant for which they were not paid, the Plaintiff has submitted the affidavit of Romney L. Haynes, indicating that the Defendant owes the Plaintiff $68,629.51 for goods and services rendered. *See* Def.'s Ex. A [Doc. # 21-2]. It also provides the invoice for the building ordered by the Defendant, an application for credit and the contract and terms of sale, all signed and dated by the Defendant's agents. *See* Def.'s Exs. B-D [Doc. # 21-3, 21-4, 21-5].

The Plaintiff argues in support of its request for attorney's fees that where contracts include a provision for reasonable attorney's fees, one third of the final judgment is a reasonable amount. *See ***Shackelford v. Central Bank of Mississippi***, 354 So.2d 253, 256 (Miss. 1978) (citing ***Jack Cole-Dixie Highway Co. v. Red Ball Motor Freight, Inc.****, 254 So.2d 734* (Miss. 1971)). Such a provision exists in the contract between Ruffin Building and Carotex Construction. *See* Pl.'s Exs. C – D [Doc. #4-5].

In arguing against summary judgment, the nonmoving party must show more than "some metaphysical doubt as to the material facts," *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 586 (1986), and cannot satisfy its burden with "conclusory allegations [or] unsubstantiated assertions." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). "[T]he nonmovant must go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial." *Id.*

The Court finds no genuine issue of fact in the instant case, with no substantial doubt as to material facts provided by either the Defendant or the Intervenor. The Court further finds the Plaintiff's request for attorney's fees in the amount of one third of the final judgment

6

appropriate, as stipulated by relevant case law and the contractual agreement signed by the Defendant.

The Court grants the Plaintiff's motion for summary judgment in the amount of sixty-eight thousand six hundred twenty-nine dollars and fifty-one cents ($68,629.51). The Court further grants the Plaintiff's request for attorney's fees in the amount of one twenty-two thousand eight hundred fifty-three dollars and sixty three cents ($22,853.63).

**2.) JUDGMENT ON THE COUNTERCLAIM PLEADINGS**

In the course of its counterclaim arguments the Plaintiff renews its contention that the Defendant and the Intervenor are perpetrating an act of fraud, alleging that Vic Blackmon is using Defendant Carotex Construction as a shield to protect assets from judgment and using Intervenor Laurel SSA to protect himself from lawsuits. Pl.'s Mot. at 5 [Doc. #8]. The Plaintiff contends that both the Defendant and the Intervenor should be held jointly and severally liable. The Plaintiff also asserts claims for quantum meruit, unjust enrichment, and equitable estoppel on the part of the Intervenor. *Id.* The Court found no authorities in support of the Plaintiff's claim for equitable estoppel and has granted relief on other grounds; as a result, the claim for equitable estoppel will not be addressed.

**Fraud, Joint and Several Liability**

The non-payment oriented breach of contract forming the basis of the instant case is not

7

itself tantamount to fraud. *See Lyxell v. Vautrin,* 604 F2d 18, 19 (5th Cir. 1979) (citing *Old Southern Life Insurance Co. v. Woodall*, 295 Ala. 235, 326 So.2d 726 (1976)). Fraud is committed by deliberately misleading another by acts, words, or at times, by silence. Misleading another for one's own profit constitutes fraudulent conduct. **U.S. v. May**, 199 F.Supp.2d 536, 538 (S.D.Miss. 2002) (citing PROSSER & KEETON ON TORTS §§ 105-6 (6th Ed.1984)). A scheme to defraud is measured by a nontechnical standard; "It is a reflection of moral uprightness, of fundamental honesty, fair play and right dealing in the general and business life of members of society." **U.S. v. Bruce**, 488 F.2d 1224, 1229 (5th Cir. 1973) (quoting *Gregory v. United States*, 253 F. 2d 104, 109 (5th Cir. 1958)). To qualify as fraud an act need only constitute a scheme reasonably calculated to deceive persons of ordinary prudence and comprehension. *Blachly v. US*, 380 F.2d 665, 671 (5th Cir. 1967). In the instant case, it is alleged by the Plaintiff that the Defendant and Intervenor are constructively one and the same, being owned by the same individual. Pl.'s Mot. at 4 [Doc. #8]. The Plaintiff further contends that the Defendant contracted for goods and services to be executed on real property held in the name of the Intervenor and subsequently declined to provide the sum of payment contractually agreed to. *Id.* Significant and credible exhibits have been provided supporting the contention that Mr. Vic Blackmon owns both companies and that Defendant Carotex Construction has a history of failing to pay for services and goods rendered. *See* Pl.'s Exs. A, B, C, D, & E [Doc. # 8-2, 8-3, 8-4, 8-5, 8-6]. The Defendant has made no answer whatsoever to these arguments. The Intervenor has done no more than admit to the existence of some of the Plaintiff's exhibits and present unsupported denials of the Plaintiff's claims. Int.'s Ans. at 5 [Doc. #9].

8

Present evidence and the absence in large part of any evidence or arguments from the Intervenor beyond unsubstantiated denials make it apparent to the Court that the Plaintiff's counterclaim of fraud and collusion between the Defendant and Intervenor is be well taken.  As a result, the appeal from the Plaintiff for joint and several liability as to the Defendant and Intervenor  as to the award is also well taken.

The issue of punitive damages arising from the Plaintiff's fraud claim will be addressed at a hearing before the Court at a date to be determined.

**Quantum Meruit and Unjust Enrichment**

The claimant's reasonable expectation for compensation is a prerequisite for quantum meruit recovery.  ***Tupelo Redevelopment Agency v. Gray Corp., Inc*.,** 972 So.2d 495 (Miss. 2007) (citing *In Re Estate of Fitzner,* 881 So.2d 164, 173 (Miss. 2003)). The essential elements of recovery under a quantum meruit claim are: "(1) valuable services were rendered or materials furnished; (2) for the person sought to be charged; (3) which services and materials were accepted by the person sought to be charged, used and enjoyed by him; and (4) under such circumstances as reasonably notified person sought to be charged that plaintiff, in performing such services, was expected to be paid by person sought to be charged." *In re Estate of Fitzner* at 173-74 (citing *Reed v. Weathers Refrigeration & Air Conditioning, Inc.,* 759 So.2d 521, 525 (Miss. Ct. App. 2000)).  These elements have been satisfied in the instant case as to both the Defendant and the Intervenor in the event of joint and several liability.  *See Cox v. City of Dallas*, 256 F.3d 281, 301 (5th Cir. 2001) (When two or more persons cause an indivisible harm,

9

each is subject to liability for the entire harm).

This Court has found that a claim for unjust enrichment depends upon a showing of some legally cognizable wrong by which a defendant has been unjustly enriched at the expense of the plaintiff. ***Cole v. Chevron USA, Inc***. 554 F.Supp.2d 655, 673 (S.D.Miss. 2007) (citing *Estate of Johnson v. Adkins*, 513 So.2d 922, 926 (Miss. 1987) (noting additionally that in cases of unjust enrichment the entity sought to be charged is in possession of money or property that should pass to another)).

The Intervenor is in possession of property that, notwithstanding the implications of the Plaintiff's fraud allegations, should pass into the possession of the Defendant upon payment of the Plaintiff. If not, then an interest is maintained by the Plaintiff in this property. At no time was this property intended to pass into the possession of the Intervenor. The wrong upon which this argument of unjust enrichment is predicated has been adequately proven in the instant case. The Court finds that the Plaintiff's argument for unjust enrichment is well taken.

The issue of punitive damages arising under the Plaintiff's quantum meruit and unjust enrichment claims will be addressed at a hearing before the Court at a date to be determined.

## **CONCLUSION**

**IT IS THEREFORE ORDERED AND ADJUDGED** that the Plaintiffs' motions for summary judgment [Doc. #21] and judgment on the counterclaim pleadings [Doc. #23] are **granted**. The Plaintiff is granted judgment in the amount of $68,629.51 against Carotex Construction, Inc., and is further granted a lien pursuant to MISS. CODE ANN. § 85-7-131 against real property owned by Laurel SSA, LLC generally described as a parcel of land lying in Block 3 of the Plant Addition to the City of Laurel and the Gulf and Ship Island Railroad right of way in Jones County, Mississippi. This lien shall be enforced in state court. The amount of this lien shall total $91,483.14 and shall include the sum of the Plaintiff's judgment against Carotex Construction, Inc., ($68,629.51) attorney fees of $22,853.63, and post judgment interest at a rate of .47% per annum. A hearing before the Court shall be conducted addressing the issue of punitive damages at date to be determined. A separate judgment shall be entered herein in accordance with Rule 58, Federal Rules of Civil Procedure.

**SO ORDERED AND ADJUDGED** this the 5th day of August, 2009.

*s/ Keith Starrett*
UNITED STATES DISTRICT JUDGE